IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Criminal Action Number: 66-CR-00171-WDM

UNITED STATES OF AMERICA,

  Plaintiff,

v.

JAMES RANDALL FOWLER,

  Defendant.

---

**ORDER DENYING MOTION**

---

  This matter is before me on the letter to the court submitted *pro se* by Defendant James Randall Fowler requesting expungement of the record on his conviction in this case. I construe the letter liberally because Mr. Fowler is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not act as his advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, I will treat Defendant's letter as a motion to expunge or set aside his conviction, and will deny the motion.

  Defendant plead guilty to the offense of interstate transportation of a stolen motor vehicle. On January 13, 1967, he was sentenced to a term of probation under the Federal Youth Corrections Act (YCA),18 U.S.C. § 5005. On January 2, 1968, the United States District Court for the Northern District of California (Northern District of California) accepted a transfer of jurisdiction of Defendant. The Northern District of California's docket sheet indicates that he was arrested for a probation violation in May 1968, and subsequently released.

  Given the transfer of jurisdiction there is a question whether this court would have jurisdiction over this issue. I conclude that the defendant's motion is akin to a

habeas corpus petition to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 which is to be filed with the court that imposed the sentence.  Accordingly, I will proceed.

The YCA expressly allowed youthful offenders who were sentenced to probation to have their convictions automatically set aside when the district court granted an unconditional discharge from probation "prior to the expiration of the maximum period of probation . . . fixed by the court."  *See* 18 U.S.C. 5021(b) (1972).  The YCA also gave a court limited jurisdiction to exercise its discretion retroactively to grant an early unconditional discharge and to set aside a conviction after completion of the probationary period.  *See Tuten v. United States*, 460 U.S. 660, 668 (1983).  For whatever reason, neither the Northern District of California nor this court set aside the conviction pursuant to the YCA.  Regrettably, the YCA was repealed in its entirely by the Sentencing Reform Act of 1984 and no longer provides a jurisdictional tool for me to set aside or expunge the record.

Two sources of authority are recognized to expunge or set aside criminal convictions: statutes and the court's inherent authority.  *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004).  As noted, the YCA no longer provides any such statutory authority and the only basis to do so would be as part of my inherent equitable powers.  The Tenth Circuit recognizes that these powers allow that an arrest record be expunged, in extreme circumstances, after dismissal of the charges or acquittal.  *United States v. Friesen*, 853 F.3d 816, 817 (10th Cir. 1998; *United States v. Tinto*, 1 F. 3d 1069, 1070 (10th Cir. 1993).  There is a meaningful distinction between clearing an arrest record of a presumably innocent person from expunging a conviction as requested here.  *Id.*  Expunction of a conviction is still possible when the "conviction is somehow invalidated, such as by a finding that it was unconstitutional, illegal, or obtained through governmental misconduct . . .".  *Id.*

The failure to set aside or expunge defendant's conviction under the YCA may

have been the result of his probation violations or simply oversight.  There is no suggestion that the failure was a result of improper conduct or illegality.  I conclude that I do not have the authority to act in this case.

Accordingly, defendant's motion to expunge or set aside the conviction is denied.

DATED at Denver, Colorado, on November 21, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

PDF FINAL